FILED
5/28/2026
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

26cr117
Judge Johnston
Magistrate Judge Jantz
DIRECT / Cat. 2

| | |
|---|---|
| UNITED STATES OF AMERICA | 26 CR 117 |
| v. | Violations: Title 18, United States Code, Sections 1201(c) and 1951(a) |
| DASHUN BROWN,<br>DAVID FRANKLIN,<br>ANTHONY RAMSEY,<br>ISAIAH DUKES, aka "Zayy"<br>KHIELL DUKES, aka "Big Folks"<br>JALEN CHAMBERS,<br>TYRESE FENTON-WATSON, aka "Lil' Reese," and<br>ANDREW FRANKLIN, aka "Drewski" and "Flacko" | **UNDER SEAL**<br><br>**SECOND SUPERSEDING INDICTMENT** |

**COUNT ONE**

The SPECIAL JANUARY 2026 GRAND JURY charges:

1. From at least on or about March 7, 2026, and continuing until on or about March 8, 2026, at Winnetka, in the Northern District of Illinois, Eastern Division, and elsewhere,

DASHUN BROWN,
DAVID FRANKLIN,
ANTHONY RAMSEY,
ISAIAH DUKES, aka "Zayy,"
KHIELL DUKES, aka "Big Folks,"
JALEN CHAMBERS,
TYRESE FENTON-WATSON, aka "Lil' Reese," and
ANDREW FRANKLIN, aka "Drewski" and "Flacko,"

defendants herein, did conspire with each other, and others known and unknown to the grand jury, to knowingly and unlawfully seize, confine, and hold, for their own benefit and purpose, Victim B, and to use means, facilities and instrumentalities of

interstate commerce in committing and in furtherance of the offense, in violation of Title 18, United States Code, Section 1201(a)(1).

2. It was part of the conspiracy that defendants agreed to steal cryptocurrency, money, and other property by the use and threat of physical force, and to seize, confine, and hold Victim B to achieve that goal.

3. It was further part of the conspiracy that defendants obtained and caused others to obtain firearms.

4. It was further part of the conspiracy that defendants misrepresented, concealed, and hid, caused to be misrepresented, concealed, and hidden, and attempted to misrepresent, conceal, and hide the nature and purpose of the conspiracy.

<u>Overt Acts</u>

5. It was further part of the conspiracy that defendants and their co-conspirators committed one or more of the following acts in furtherance of and to effect the objects of the conspiracy:

a. On or about March 7, 2026, DAVID FRANKLIN and KHIELL DUKES used cellular phones to communicate regarding the use of a stolen car to commit the robbery and kidnapping.

b. On or about March 8, 2026, DAVID FRANKLIN and RAMSEY used cellular phones to communicate regarding the meeting locations in advance of the robbery and kidnapping.

c. On or about March 8, 2026, BROWN drove DAVID FRANKLIN, CHAMBERS, FENTON-WATSON and ANDREW FRANKLIN in a stolen vehicle to Victim A's and Victim B's residence in Winnetka.

d. On or about March 8, 2026, while traveling to Winnetka in the stolen vehicle, CHAMBERS used a cellular phone to discuss the plan for the armed robbery and kidnapping with ISAIAH DUKES.

e. On or about March 8, 2026, once outside Victim A's and Victim B's residence, BROWN approached the front door, knocked, and posed as a food delivery driver.

f. On or about March 8, 2026, when Victim B opened the door, BROWN, DAVID FRANKLIN, CHAMBERS, FENTON-WATSON, and ANDREW FRANKLIN forcibly entered the residence.

g. On or about March 8, 2026, once inside the residence, BROWN, DAVID FRANKLIN, CHAMBERS, FENTON-WATSON, and ANDREW FRANKLIN brandished firearms and attempted to rob Victim A of cryptocurrency that the defendants believed was present in or otherwise accessible from the residence.

h. On or about March 8, 2026, BROWN, DAVID FRANKLIN, CHAMBERS, FENTON-WATSON and ANDREW FRANKLIN kept Victim B captive inside the residence and maintained control of Victim B by physically restraining Victim B and by pointing firearms at Victim B.

i. On or about March 8, 2026, BROWN, DAVID FRANKLIN, CHAMBERS, FENTON-WATSON, and ANDREW FRANKLIN demanded that

Victim B give them access to a safe, a computer, and online accounts holding cryptocurrency.

j. On or about March 8, 2026, while inside the residence, CHAMBERS used a cellular phone to call ISAIAH DUKES and another co-conspirator not inside the residence, who provided instructions to CHAMBERS regarding the information needed from Victim B to obtain the cryptocurrency.

k. On or about March 8, 2026, FENTON-WATSON, while inside the residence, placed a call to KHIELL DUKES that lasted approximately nine and a half minutes.

l. On or about March 8, 2026, BROWN, DAVID FRANKLIN, CHAMBERS, FENTON-WATSON, and ANDREW FRANKLIN fled from the residence in the stolen vehicle.

m. On or about March 8, 2026, after fleeing from the residence, BROWN, DAVID FRANKLIN, CHAMBERS, FENTON-WATSON, and ANDREW FRANKLIN met up with ISAIAH DUKES, KHIELL DUKES, RAMSEY, and additional co-conspirators, who searched BROWN, DAVID FRANKLIN, and other co-conspirators in order to ensure that all of the proceeds of the robbery were collected.

In violation of Title 18, United States Code, Section 1201(c).

**COUNT TWO**

The SPECIAL JANUARY 2026 GRAND JURY further charges:

From at least on or about March 7, 2026, and continuing until on or about March 8, 2026, at Winnetka, in the Northern District of Illinois, Eastern Division, and elsewhere,

DASHUN BROWN,
DAVID FRANKLIN,
ANTHONY RAMSEY,
ISAIAH DUKES, aka "Zayy,"
KHIELL DUKES, aka "Big Folks,"
JALEN CHAMBERS,
TYRESE FENTON-WATSON, aka "Lil' Reese," and
ANDREW FRANKLIN, aka "Drewski" and "Flaco,"

defendants herein, did conspire with each other, and with others known and unknown to the Grand Jury, to obstruct, delay, and affect commerce and the movement of any article in commerce by robbery, as "commerce" and "robbery" are defined in Title 18, United States Code, Section 1951(b), namely, the robbery of Victim B, who defendants believed possessed or otherwise had access to cryptocurrency and other valuable money and property;

In violation of Title 18, United States Code, Section 1951(a).

**FORFEITURE ALLEGATION**

The SPECIAL JANUARY 2026 GRAND JURY alleges:

1. Upon conviction of an offense in violation of Title 18, United States Code, Sections 1201(c) and 1951(a), as set forth in this Second Superseding Indictment, defendants shall forfeit to the United States of America, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461, any property, real or personal, which constitutes or is derived from proceeds traceable to the offense. The property to be forfeited includes, but is not limited to, a personal money judgment in the amount of approximately $111,300.

2. In addition, defendants shall forfeit to the United States of America, any firearm and ammunition involved in and used in an offense in violation of Title 18, United States Code, Sections 1201(c) and 1951(a), as provided in Title 18, United States Code, Section 924(d)(1) and Title 28, United States Code, Section 2461(c).

3. If any of the property described above, as a result of any act or omission by a defendant: cannot be located upon the exercise of due diligence; has been transferred or sold to, or deposited with, a third party; has been placed beyond the jurisdiction of the Court; has been substantially diminished in value; or has been commingled with other property which cannot be divided without difficulty, the United States of America shall be entitled to forfeiture of substitute property, as provided in Title 21, United States Code Section 853(p).

A TRUE BILL:

______________________________
FOREPERSON

______________________________
UNITED STATES ATTORNEY