# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| | ) | Case No. 26 CR 00117-4 |
| v. | ) | |
| | ) | |
| | ) | |
| **ISAIAH DUKES** | ) | |

## DEFENDANT'S SECOND AMENDED MOTION FOR A NEW PRETRIAL DETENTION HEARING

Defendant, Isaiah Dukes, by and through undersigned counsel, respectfully moves for a new pretrial detention hearing under 18 U.S.C. § 3142(f). Since detention was ordered, material information has arisen that was not known at the prior hearing and that bears directly on whether conditions of release can reasonably assure Mr. Dukes' appearance and the safety of the community. Mr. Dukes asks the Court to conduct the renewed hearing set for October 8, 2026, permit him to present evidence and proffered information, and release him on appropriate conditions.

In support of this motion, Mr. Dukes states as follows:

## BACKGROUND

1. On April 16, 2026, Mr. Dukes was one of six individuals indicted for conspiracy to commit kidnapping and conspiracy to commit Hobbs Act robbery, in violation of Title 18, United States Code, Sections 1201(c) and 1951(a).
2. On April 17, 2026, Mr. Dukes appeared before Magistrate Judge Kim for a previously scheduled detention hearing under Complaint Number 26 CR 166.
3. Judge Kim denied the Government's detention motion and ordered Mr. Dukes released.

4. The Government asked the court to stay the release order until April 20, 2026, and Judge Kim agreed to do so.

5. On April 20, 2026, the Government filed an appeal of Judge Kim's release order.

6. On April 21, 2026, Mr. Dukes was arraigned.

7. On April 28, 2026, this Court reviewed the release order de novo, applied the § 3142(g) factors, and detained Mr. Dukes based on risk of nonappearance and dangerousness.

8. In doing so, the Court relied in part on active warrants, including pending Georgia warrants, when assessing nonappearance and past conduct.

9. The prior release plan involved multiple residence proposals. The proposed Elgin address was the location of Mr. Dukes' arrest and was challenged by the Government based on its alleged connection to the investigation and the manner in which it was leased. The Calumet City proposal involved residence at Cornell Brown's home, with Janell Jackson proposed as custodian. The Court rejected the Elgin proposal and found Ms. Jackson unsuitable for the custodian role, but expressly resolved the housing question in Mr. Dukes' favor, stating that "[t]he house issue I think has been generally resolved," that "Mr. Clancy did a good job finding Mr. Brown," and that the Court "feel[s] much more confident in that" (April 28, 2026, Detention Hearing Tr. 136).

10. The warrant picture the Court relied on has since changed, as the Georgia warrants have been recalled.

11. Exhibit A confirms that the Magistrate Court of Gwinnett County, Georgia, recalled the Georgia warrants by consent on August 21, 2026.

12. The residence the Court found acceptable remains available. Mr. Brown's apartment is located at 386 Prairie Ave Apt 1, Calumet City, Illinois 60409, and the lease tendered to the

Court ran through January 31, 2027 (Tr. 98, 101). Counsel confirms Mr. Brown's continued willingness to house Mr. Dukes and can make him available to the Court and to Pretrial Services.

13. Mr. Dukes also now proposes a new third-party custodian, Dimond Wicks. Ms. Wicks was not proposed at the prior hearing. Counsel will provide all of her contact information directly to the Court and to Pretrial Services.

14. Mr. Dukes is prepared to accept any condition or combination of conditions the Court finds appropriate. By way of example and not limitation, such conditions may include restrictions on telephone and internet access, use of a Pretrial Services approved device subject to monitoring, no contact with codefendants, cooperating individuals, or known witnesses, no contact with the residents of the Winnetka home, an appearance bond, residence at an approved placement, Pretrial Services supervision, travel restrictions, regular reporting, and compliance with all Pretrial Services directives. Mr. Dukes asks to address conditions more fully at the hearing.

## LEGAL STANDARD

15. A detention hearing "may be reopened, before or after a determination by the judicial officer, at any time before trial if the judicial officer finds that information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community." 18 U.S.C. § 3142(f) (final paragraph); *see United States v. Bergner*, 800 F. Supp. 659, 662 (N.D. Ind. 1992). Because this Court detained Mr. Dukes on de novo review under 18 U.S.C. § 3145(a)(1), the motion asks the Court to reopen its own detention order.

16. The inquiry has two prongs. The first is whether new evidence has been uncovered that was not known to the movant at the time of the original detention hearing, and the second is whether that new evidence has a material bearing on the issue of danger or assurance of appearance. *Bergner*, 800 F. Supp. at 662. Courts apply that requirement strictly, but changed circumstances occurring after the original hearing may qualify when they bear directly on the statutory release inquiry, particularly the defendant's criminal history, past conduct, release status, risk of nonappearance, or alleged danger.

17. The Court must consider the § 3142(g) factors, including the nature and circumstances of the charged offense, the weight of the evidence, the defendant's history and characteristics, and the nature and seriousness of any danger posed by release. The history and characteristics factor includes criminal history, past conduct, and whether the defendant was on probation, parole, or other release at the relevant time.

18. The Government bears the burden of proving risk of nonappearance by a preponderance of the evidence and dangerousness by clear and convincing evidence. *United States v. Shaker*, 665 F. Supp. 698, 702-04 (N.D. Ind. 1987); *United States v. Portes*, 786 F.2d 758, 764–65 (7th Cir. 1985). The burden of persuasion rests with the Government throughout. *United States v. Wilks*, 15 F.4th 842, 846–47 (7th Cir. 2021). No statutory presumption applies here, and as the Court observed in ordering detention, "it is not a presumption case" (Tr. 124).

19. If conditions can reasonably address those concerns, the Court must impose the least restrictive condition or combination of conditions sufficient to do so. 18 U.S.C. § 3142(c); *Wilks*, 15 F.4th at 846–47. Conditions need not guarantee appearance, but they must reasonably assure it. *Portes*, 786 F.2d at 764 n.7. Those conditions may include placement in

the custody of a designated person or organization willing to supervise the defendant and report violations. 18 U.S.C. § 3142(c)(1)(B)(i).

20. The governing statute sets out the procedure for the hearing itself. Mr. Dukes has the right to be represented by counsel, and "shall be afforded an opportunity to testify, to present witnesses, to cross-examine witnesses who appear at the hearing, and to present information by proffer or otherwise." 18 U.S.C. § 3142(f); *see Portes*, 786 F.2d at 767-68. "Section 3142(f) gives the defendant the right 'to present witnesses.' Defendants also may 'present information by proffer or otherwise.' Judges may not limit them to the latter option." *United States v. Torres*, 929 F.2d 291, 292 (7th Cir. 1991). A court conducting review under § 3145(a)(1) may take fresh evidence, but if it does, it "must follow the same procedures that apply to the taking of evidence before the magistrate judge." *Id.* The rules of evidence do not apply, *id.*; Fed. R. Evid. 1101(d)(3), but the court "still must accept the kinds of evidence that § 3142(f) allows the defendant[] to introduce." *Torres*, 929 F.2d at 292.

**ARGUMENT**

21. Reopening turns on a single fact. The Georgia warrants were recalled on August 21, 2026, nearly four months after the detention hearing. That recall did not exist and could not have been obtained on April 28, and it bears directly on a ground the Court expressly relied on in ordering detention. That is the new information this motion presents, and it is the basis on which Mr. Dukes asks the Court to reopen. Mr. Dukes does not ask the Court to revisit findings it has already made on the existing record. The discussion of release conditions that follows is not offered as separate new information. It addresses the remedy that becomes available once the hearing is reopened, and it is offered by way of illustration rather than as a fixed or exhaustive proposal. Mr. Dukes asks leave to address conditions more fully at the

hearing, with the participation of Pretrial Services, and he is prepared to accept any condition or combination of conditions the Court determines is warranted. The Court need not settle on a final package in any event, because it "may at any time amend the order to impose additional or different conditions of release." 18 U.S.C. § 3142(c)(3). Any condition that proves insufficient in practice can be tightened, supplemented, or replaced without returning Mr. Dukes to detention proceedings from the beginning.

22. The Georgia warrants the Court relied on have been recalled. The Court treated the outstanding warrants as significant evidence bearing on appearance and on respect for the law, observing that unresolved warrants are themselves "evidence of failing to appear" and that "[t]he failure to address those shows a lack of respect for the law" (Tr. 127, 130–31). As to Georgia, the Court asked directly what had been done to clean the matter up (Tr. 131). The answer is now on the record. The Magistrate Court of Gwinnett County, Georgia, recalled the Georgia warrants by consent on August 21, 2026, as Exhibit A confirms. The Court also identified an Outagamie County, Wisconsin warrant, which issued following a failure to appear on November 3, 2022 (Tr. 42), and counsel is prepared to address the current status of that matter at the hearing.

23. The recall bears on the § 3142(g) factor into which the Court placed the warrants. The third statutory factor is the defendant's history and characteristics, which expressly includes past conduct and the defendant's "record concerning appearance at court proceedings." 18 U.S.C. § 3142(g)(3)(A). That is the factor the Court drew on in weighing the outstanding warrants, treating them as evidence both of failing to appear and of disregard for court obligations (Tr. 127, 130–31). The record on that factor is no longer what it was in April.

24. Conditions exist that are directed at the Court's actual concern. The Court explained precisely why location monitoring does not answer the allegation in this case. Because the allegation is that Mr. Dukes "was the mastermind behind the scenes," the Court reasoned, "he just needs a place with a phone, and he can direct criminal activity. So location monitoring doesn't do it" (Tr. 137). The prior release plan offered nothing responsive to that concern, and Mr. Dukes is prepared to accept conditions restricting the instrumentality the Court identified. By way of example only, such conditions might include surrender of all telephones and internet-capable devices except a device approved by Pretrial Services, consent to monitoring and inspection of that device, a prohibition on third-party or relay calls of the kind the Government described at the prior hearing (Tr. 18), and no contact, direct or indirect, with any codefendant, cooperating individual, or known witness. Restrictions of this character are expressly authorized, 18 U.S.C. § 3142(c)(1)(B)(iv), (xiv), and reach the conduct the Court described in a way that an ankle bracelet cannot. Mr. Dukes will accept these, variations of them, or any others the Court finds more appropriate, and he asks to develop them with the Court and Pretrial Services at the hearing.

25. Mr. Dukes is willing to offer financial security and victim protections the prior plan did not include. The Court observed that Mr. Dukes "has more financial resources than we normally see" (Tr. 129). The prior release plan asked the Court to rely on that fact without securing anything against it. Mr. Dukes is willing to post an appearance bond in whatever amount and form the Court considers appropriate, whether secured by cash, by property, or by sureties, under 18 U.S.C. § 3142(c)(1)(B)(xi)–(xii). Counsel will document the source of any funds or property pledged and will make any surety available for examination, recognizing that the Court may inquire into the source of any property offered as collateral. 18 U.S.C. § 3142(g)

(final paragraph). Mr. Dukes offers this security with the understanding that a financial condition may not itself operate to keep him detained. 18 U.S.C. § 3142(c)(2). Mr. Dukes is likewise willing to accept no-contact and stay-away conditions as to the residents of the Winnetka home, in whatever terms the Court and Pretrial Services consider sufficient.

26. Housing is not an obstacle, because the Court has already resolved it. Mr. Dukes does not present the Calumet City residence as new information. The Court considered it at the prior hearing, heard testimony from Mr. Brown, reviewed the lease, and concluded that "[t]he house issue I think has been generally resolved," adding that it "feel[s] much more confident in that" placement (Tr. 136). The Court went further, thanking Mr. Brown for "offering your home to Mr. Dukes" (Tr. 137). That finding stands, and the residence remains available. The only matter requiring the Court's attention is the composition of the household.

27. Two aspects of the prior plan warrant direct treatment. First, the Court found Ms. Jackson unsuitable as a third-party custodian and expressed concern for her physical safety were she to reside with Mr. Dukes (Tr. 135). Mr. Dukes does not renew Ms. Jackson as a proposed custodian, and she will not reside at the Calumet City address. In her place, Mr. Dukes proposes Ms. Wicks as a third-party custodian. Ms. Wicks is willing to supervise Mr. Dukes and to report any violation to the Court, as 18 U.S.C. § 3142(c)(1)(B)(i) contemplates. Consistent with the Court's practice of personally examining any proposed third-party custodian (Tr. 3), counsel will make Ms. Wicks available for examination at the hearing and for assessment by Pretrial Services. The household would consist of Mr. Dukes and Mr. Brown, together with Mr. Brown's son during his scheduled weekend visits (Tr. 100). Mr. Dukes will abide by any conditions the Court considers appropriate governing contact with Ms. Jackson. Second, Mr. Brown testified that he retains a FOID card he believes valid

through 2027, though he no longer possesses a firearm (Tr. 108–09). Mr. Dukes proposes, as an express condition, that no firearm be present in the residence and that Pretrial Services be permitted to verify compliance.

28. Residential placement is one further option available to the Court. The Court explained at the outset of the prior hearing that its practice is to examine any proposed third-party custodian personally in order to reach the necessary comfort level (Tr. 3). Mr. Dukes recognizes that Mr. Brown drives for a ride-share service on hours of his own choosing and works "[a]ll over" (Tr. 102), and that Mr. Brown and Mr. Dukes have no written rent or occupancy agreement (Tr. 107). Section 3142(c)(1)(B)(i) permits release into the custody of a designated *organization* as well as a designated person. Placement in a residential reentry center or comparable facility would supply continuous staff supervision, controlled communications, structured accountability for movement, and institutional reporting of violations, without depending on any individual's availability to supervise. The statute also contemplates intermediate arrangements short of full release, including a requirement that a defendant "return to custody for specified hours following release for employment, schooling, or other limited purposes." 18 U.S.C. § 3142(c)(1)(B)(xiii). Mr. Dukes raises these not as his sole or preferred proposals but to make clear that his request does not depend on any single placement. He asks that Pretrial Services be directed to assess his eligibility, and he consents to such a placement or to any other the Court finds suitable.

29. The Court further drew the inference that Mr. Dukes was less than honest with Pretrial Services about the Elgin residence (Tr. 128). It regarded the machine gun conduct as extremely serious and was unpersuaded by the account of how armed individuals came to be in his vehicle (Tr. 131–32). It observed that family and community ties cut both ways here,

given that his brother is charged in this same offense (Tr. 129). It found Ms. Jackson unsuitable as a custodian and expressed concern for her physical safety (Tr. 135). It doubted that location monitoring prevents crime, noting that the confidential source was himself on monitoring when this offense occurred (Tr. 136). And it concluded that repeated efforts to redirect Mr. Dukes had not worked, observing that "[o]ne after another, after another, after another, he does the same thing" (Tr. 135). Mr. Dukes acknowledges that Pretrial Services recommended detention, and he recognizes that a finding on dangerousness alone could sustain detention (Tr. 125).

30. However, the question is whether conditions can reasonably address those concerns, and several are available. The concern that Mr. Dukes could direct activity by telephone is answerable by restrictions on the instrument itself rather than on his location. The concern for Ms. Jackson's safety is answered by her absence from the residence. The concern about firearms is answerable by an express condition that none be present and that Pretrial Services verify it, 18 U.S.C. § 3142(c)(1)(B)(viii), and the concern about associations by restrictions on personal associations and place of abode, *id.* § 3142(c)(1)(B)(iv). The concern about candor is answerable in part by structure, through supervision in which compliance is verified rather than represented, and in which any failure is reported to the Court promptly. As to the Court's broader observation that intervention has not worked before, Mr. Dukes observes only that the conduct the Court described occurred without any of these conditions in place, that the statute asks whether conditions will reasonably assure, not guarantee, appearance and safety, *Portes*, 786 F.2d at 764 n.7, and that the Court retains authority to impose additional or different conditions at any time, 18 U.S.C. § 3142(c)(3). Where individual supervision is thought insufficient, institutional placement removes reliance on

any individual altogether. Because the Bail Reform Act directs release on the least restrictive conditions that will reasonably assure appearance and safety, *id.* § 3142(c), Mr. Dukes asks for the opportunity to be heard on what those conditions should be. At minimum, the changed warrant record warrants a hearing.

## CONCLUSION

For the foregoing reasons, Mr. Dukes respectfully requests that the Court reopen the detention hearing under 18 U.S.C. § 3142(f), proceed with the hearing set for October 8, 2026, permit Mr. Dukes to present witnesses, exhibits, and proffered information concerning the recalled warrants, the proposed residence, the proposed third-party custodian, and available release conditions, and order Mr. Dukes released subject to whatever conditions the Court, with the assistance of Pretrial Services, determines will reasonably assure his appearance and the safety of the community.

Respectfully submitted,

/s/Ari Williams
ARI WILLIAMS
Attorney for Isaiah Dukes

**ARI WILLIAMS LAW, LLC**
Cook County #64060
2150 S. Canalport Avenue, Suite 4C-12
Chicago, Illinois 60608
ari@ariwilliams.com
Phone: (312) 639-7177

## NOTICE OF MOTION

TO:

Hon. Andrew S. Boutros
United States Attorney

Jessica R. Ecker
Jessica S. Maveus
Maureen E. Merin
Assistant United States Attorneys

United States Attorney's Office
219 South Dearborn Street, Fifth Floor
Chicago, Illinois 60604

PLEASE TAKE NOTICE that on September 25, 2026, I caused to be filed with the Clerk of the United States District Court for the Northern District of Illinois, before the Honorable Iain D. Johnston, **DEFENDANT'S SECOND AMENDED MOTION FOR A NEW PRETRIAL DETENTION HEARING**, copies of which are attached and hereby served upon you.

Respectfully submitted,

/s/Ari Williams
ARI WILLIAMS
Attorney for Isaiah Dukes

**ARI WILLIAMS LAW, LLC**
Cook County #64060
2150 S. Canalport Avenue, Suite 4C-12
Chicago, Illinois 60608
ari@ariwilliams.com
Phone: (312) 639-7177

## CERTIFICATE OF SERVICE

The undersigned attorney certifies that on September 25, 2026, she caused **DEFENDANT'S SECOND AMENDED MOTION FOR A NEW PRETRIAL DETENTION HEARING**, and the accompanying Notice of Motion to be filed with the Clerk of the United States District Court for the Northern District of Illinois using the CM/ECF system, which will send notification of such filing to counsel of record, including Jessica R. Ecker, Jessica S. Maveus, and Maureen E. Merin, Assistant United States Attorneys, United States Attorney's Office, 219 South Dearborn Street, Fifth Floor, Chicago, Illinois 60604.

/s/Ari Williams
ARI WILLIAMS
Attorney for Isaiah Dukes

**ARI WILLIAMS LAW, LLC**
Cook County #64060
2150 S. Canalport Avenue, Suite 4C-12
Chicago, Illinois 60608
ari@ariwilliams.com
Phone: (312) 639-7177